UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARYANN MALTESE,

                          Plaintiff,                1:24-cv-1147 (BKS/ML)

v.

CARL HEASTIE, New York State Legislative Speaker,
KATHY HOCHUL, Governor, FRED WU, President of
CUNY, Queens College, RICHARD SCHAFFER, Chair,
State Democratic Party and Supervisor, and DAN FRISA,

                          Defendants.

---

**Appearances:**

*Plaintiff Pro Se:*
MaryAnn Maltese
East Northport, NY 11731

*For Defendants Carl Heastie, Kathy Hochul, and Fred Wu:*
Letitia James
Attorney General of the State of New York
Elizabeth Lombardi
Assistant Attorney General
300 South State Street, Suite 300
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff MaryAnn Maltese brings claims against New York State Legislative Speaker Carl Heastie, Governor Kathy Hochul, President of CUNY Queens College Fred Wu, Chair of the State Democratic Party and Supervisor Richard Schaffer, and Dan Frisa. (Dkt. No. 1). Plaintiff appears to allege claims regarding unequal pay and termination and multiple incidents

of stalking and sexual harassment. (*Id.* at 4). Defendants Heastie, Hochul, and Wu have moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. No. 8). Plaintiff opposes dismissal. (Dkt. Nos. 13, 45).[1] For the following reasons, the Court grants the Defendants' motion to dismiss.

II.    FACTS[2]

Plaintiff worked for the New York State Assembly in 1992 as a student intern, and worked there intermittently from 1994 until July 2013 in various capacities. (Dkt. No. 1-6). Plaintiff alleges two separate instances of stalking in 1992. (Dkt. No. 1, at 4). She further alleges that members of the Legislature and then-Governor Mario Cuomo failed to report the incidents. (*Id.*). Plaintiff additionally alleges that one non-party member of the Legislature sexually assaulted and harassed her. (*Id.*). There are, however, no facts pled concerning any of the moving defendants. Plaintiff alleges various harms, including a lost opportunity to attend CUNY Law School and obtain a juris doctor degree as well as "silent termination [without] causation" in 2013. (*Id.*). Plaintiff seeks "retroactive considerations of earnings" from 1994 to 2013 due to gender discrimination and identifies $100 million as the amount in controversy. (*Id.* at 3–4).

III.    STANDARD OF REVIEW

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a

---

[1] Plaintiff's first opposition, (Dkt. No. 13), appeared to seek "denial" of "defendants [sic] motion to dismiss," but did not otherwise respond directly to Defendant's motion. (Dkt. No. 14). In view of Plaintiff's *pro se* status, the Court sua sponte extended her time to respond to Defendants' motion until December 2, 2024. (*Id.*). On December 19, 2024, Plaintiff filed a letter requesting dismissal of defendant's motion. (Dkt. No. 45).

[2] The handwritten complaint is difficult to decipher. It is, in several places, illegible and has a disorganized series of assertions many of which are not in complete sentences. The facts are drawn, as best as the Court can, from the Complaint, and attached exhibits as relevant (Dkt. No. 1). Plaintiff attached hundreds of pages of exhibits to the Complaint, including, *inter alia*, legislative bills with handwritten annotations, documents from various state-court proceedings and grievances, and newspaper articles with handwritten annotations. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

decision on the merits and, therefore, an exercise of jurisdiction." *Mann v. N.Y. State Ct. of Appeals*, No. 21-cv-49, 2021 WL 5040236, at *3, 2021 U.S. Dist. LEXIS 209018, at *8 (N.D.N.Y. Oct. 29, 2021) (citation omitted). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true[ ] and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient; rather, a plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *E.E.O.C. v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint of a plaintiff proceeding *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.*

**IV.    DISCUSSION**

As Defendants note, it is not clear from the Complaint what causes of action Plaintiff seeks to bring. Construed liberally, the Complaint appears to allege: claims under the Adult

Survivors Act, N.Y. C.P.L.R. § 213-c, for sexual harassment and assault; and under Title VII, 42 U.S.C. § 2000e as well as under the Equal Pay Act for "retroactive considerations of earnings due to gender discrimination." (Dkt. No. 8-2, at 6–7, 11–13). The Defendants seek to dismiss the Complaint for lack of subject matter jurisdiction, on the grounds that they are immune from suit under the Eleventh Amendment, and also for failure to state a claim. (*See generally* Dkt. No. 8-2); *see also Arjent LLC v. U.S. S.E.C.*, 7 F. Supp. 3d 378, 383 (S.D.N.Y. 2014) ("[B]ecause sovereign immunity is 'jurisdictional in nature,' questions of sovereign immunity implicate a court's subject matter jurisdiction and are analyzed under Rule 12(b)(1)[.]" (citing *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007))). Defendants also argue that the claims are time-barred. (Dkt. No. 8-2, at 11–13). Plaintiff's response merely states that the Court "should deny Defendants [sic] motion to dismiss[ ] of 10/12/2024 because as of 10/20/2024 (sneaky NYS) has not offered level of service as requested and ransom of NYS is Plaintiffs [sic] primary source of income." (Dkt. No. 45).

    A.    **Eleventh Amendment Immunity**

The Defendants argue that "[t]he causes of action against Speaker Heastie, Governor Hochul, and President Wu in their official capacities are barred by the Eleventh Amendment." (Dkt. No. 8-2, at 7). The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[E]ach State is a sovereign entity in our federal system" and "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996) (internal quotation marks omitted) (quoting *Hans v. Louisiana*, 134 U.S. 1, 13 (1890)). Accordingly, "a federal court generally may not hear a suit brought by any person against a nonconsenting State." *Allen v.*

*Cooper*, 589 U.S. 248, 254 (2020). Additionally, "[t]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

As an elected official of New York State, Governor Hochul is a "state agent" and as such, any claim against Governor Hochul in her official capacity is barred. *See Steinberg v. Elkman*, 666 F. App'x 26, 28 (2d Cir. 2016). Furthermore, "suits against CUNY are equivalent to suits against the State of New York and are therefore barred by the Eleventh Amendment." *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 83 (2d Cir. 2004). As a CUNY agent, any claim against President Wu in his official capacity is also barred by sovereign immunity. However, as legislators are protected by the doctrine of legislative immunity, not sovereign immunity, this doctrine is inapplicable to Speaker Heastie. *See U.L. v. New York State Assembly*, No. 13-cv-438, 2014 WL 322108, at *3, 2014 U.S. Dist. LEXIS 11215, at *8–9 (S.D.N.Y. 2014), *aff'd* 592 F. App'x 40 (2d Cir. 2015).[3]

Nevertheless, "[t]here are three exceptions to Eleventh Amendment immunity": "this protection does not apply if (1) a state waives its immunity; (2) Congress clearly abrogates state sovereign immunity; or (3) the suit is against a state official and seeks prospective relief." *Unkechaug Indian Nation v. N.Y. State Dep't of Env't Conservation.*, 677 F. Supp. 3d 137, 147 (E.D.N.Y. 2023) (citing *Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 254–55

---

[3] "[L]egislative immunity shields an official from liability if the act in question was undertaken in the sphere of legitimate legislative activity." *Almonte v. City of Long Beach*, 478 F.3d 100, 106 (2d Cir. 2007) (citations and internal quotation marks omitted). Defendants appear to argue that Speaker Heastie is entitled to legislative immunity. (Dkt. No. 8-2, at 8). However, because it is unclear what "act in question" Plaintiff even alleges in her Complaint as to Speaker Heastie, the Court cannot ascertain the applicability of legislative immunity.

5

(2011)), *aff'd sub nom. Unkechaug Indian Nation v. Seggos*, 126 F.4th 822 (2d Cir. 2025). Plaintiff does not argue that any of these exceptions apply. (*See generally* Dkt. No. 45). However, to the extent that the Complaint asserts claims under Title VII or the Equal Pay Act, the Court notes that in passing both, Congress abrogated state sovereign immunity. *Gengo v. City Univ.*, 479 F. App'x 382, 383 n.2 (2d Cir. 2012) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976)); *Anderson v. State Univ. of N.Y.*, 107 F. Supp. 2d 158, 165 (N.D.N.Y. 2000). Accordingly, the Court finds that any claims against Defendants Hochul and Wu in their official capacities, other than claims under Title VII and the Equal Pay Act, are barred by the Eleventh Amendment.

### B.    Failure to State a Claim

Defendants argue that the remaining claims against Speaker Heastie, Governor Hochul, and President Wu "must be dismissed because they cannot be sustained under the refined pleading requirements articulated by the Supreme Court." (Dkt. No. 8-2, at 10 (citing *Twombly*, 550 U.S. 544)). Under the pleading requirements of Federal Rule of Civil Procedure 8, as articulated by courts, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in original)), such that the adverse party can "answer the complaint and prepare for trial." *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003). Dismissal is generally proper when the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." *Hendrickson v. Hershberger*, No. 91-cv-8135, 1994 WL 23069, at *3, 1994 U.S. Dist. LEXIS 613, at *9 (S.D.N.Y. Jan. 24, 1994). When a complaint "lump[s] all the defendants together in each claim

and provid[es] no factual basis to distinguish their conduct," it fails to meet the requisite standard. *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

Here, as Defendants argue, "[a]fter naming Speaker Heastie, Governor Hochul, and President Wu as Defendants in the Complaint, there are no facts pled as to their personal involvement and the claims against them." (Dkt. No. 8-2, at 11 (citing Dkt. No. 1, at 2)). Indeed, the Complaint does not plead any factual allegations concerning these three Defendants. (*See* Dkt. No. 1). The Court finds that the Complaint fails to meet the Federal Rule of Civil Procedure 8 pleading requirements, and accordingly, dismisses any remaining claims against Governor Hochul, Speaker Heastie, and President Wu.[4]

### C. Statute of Limitations

Even if Plaintiff did state a claim not barred by sovereign or legislative immunity, as Defendants argue, any claim under the Adult Survivors Act, Title VII, or the Equal Pay Act would appear to be time-barred. (Dkt. No. 8-2, at 11–13). The Adult Survivors Act allowed certain sexual abuse claims to be revived if filed between November 24, 2022 and November 24, 2023. *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 661 (S.D.N.Y. 2024). Here, Plaintiff filed her lawsuit on September 20, 2024, (Dkt. No. 1), rendering any claims under the Adult Survivors Act untimely. As to any Title VII claim, a litigant must first timely file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir. 2000). Here, it

---

[4] The Court also notes that any Title VII cause of action against Governor Hochul, Speaker Heastie, and President Wu would fail to state a claim because there is no individual liability under Title VII. *Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012) ("Employers, not individuals, are liable under Title VII."). An individual can, however, be liable under the Equal Pay Act if that "individual possess[es] control over a company's actual operations in a manner that relates to a plaintiff's employment." *Moazzaz v. Met Life, Inc.*, No. 19-cv-10531, 2024 WL 2330751, at *2, 2024 U.S. Dist. LEXIS 91975, at *4 (S.D.N.Y. May 22, 2024) (alteration in original) (internal quotation marks omitted) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013)).

does not appear that Plaintiff has been employed by the New York State Assembly since 2013, and there are no allegations that she filed a charge of discrimination with the EEOC within the requisite period. Lastly, any claim under the Equal Pay Act must be commenced within two years of its accrual, or three years if the violation is willful. *Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 118 (2d Cir. 1997). A cause of action for wage discrimination generally accrues (1) on the date the discriminatory salary is set and (2) each time the employee receives a paycheck reflecting discriminatory wages. *Lacey v. Carroll McEntee & McGinley, Inc.*, No. 93-cv-8832, 1994 WL 592158, at *3, 1994 U.S. Dist. LEXIS 15298, at *9 (S.D.N.Y. Oct. 19, 1994); *Erickson v. New York Law School*, 585 F. Supp. 209, 213 (S.D.N.Y. 1984). Because both of those dates in this case are more than three years ago, it appears that the statute of limitations has expired, even assuming *arguendo* that there was a violation and that any alleged violation was willful.[5]

## V. FAILURE TO SERVE DEFENDANTS SCHAFFER AND FRISA

Defendants Schaffer and Frisa have yet to appear in this action. Plaintiff was directed to file and serve, by April 30, 2025, either an affidavit of service with the Court demonstrating proper service as to Defendants Schaffer and Frisa or a response to the Court's Order to Show Cause stating why Defendants Schaffer and Frisa should not be dismissed from this action for failure to serve. (Dkt. No. 52). This was the Court's third order to Plaintiff directing her to file proof of service. (Dkt. Nos. 9, 25, 52). Plaintiff was warned, on October 15, 2024 and on December 3, 2024, that the Court must dismiss this action without prejudice if Plaintiff fails to

---

[5] If all of the federal claims are dismissed, the Court would decline to exercise supplemental jurisdiction over any remaining state claims. A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Doing so is particularly appropriate where, as here, "all federal-law claims are eliminated before trial." *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (quotations omitted).

complete service within 90 days after the complaint is filed. (Dkt. Nos. 9, 25). On April 16, 2025, the Court issued an Order to Show Cause directing Plaintiff to show cause why Defendants Schaffer and Frisa should not be dismissed from this action for failure to serve, and noted that if Plaintiff failed to comply Defendants Schaffer and Frisa would be dismissed without prejudice. (Dkt. No. 52).

Plaintiff has failed to comply with the Court's orders. Even construing her untimely filing on May 6, 2025 as her response to the Court's orders, the filing fails to demonstrate proper service. (*See* Dkt. No. 53). The filing includes various emails, receipts from the United States Postal Service (USPS), FOIL requests, and payment receipts from the Suffolk County Sheriffs Office pertaining to a matter with a different docket number. (*Id.*). Plaintiff does not offer any explanation, let alone an explanation satisfying the good cause standard, as to why service has not yet been properly effectuated. (*See id.*). The USPS receipts indicate neither the recipients nor the contents of the mail. (*Id.* at 3). As such, they are plainly insufficient to indicate that service was effectuated on any Defendant. Plaintiff therefore has not shown good cause for her failure to effectuate service or file proofs of service. *See AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) ("The plaintiff bears the burden of proof in showing that [she] had good cause in not timely serving the defendant." (citations omitted)). Accordingly, Defendants Schaffer and Frisa are dismissed from this action without prejudice pursuant to Fed. R. Civ. P. 4(m). *See Robinson v. Sposato*, No. 13-cv-3334, 2014 WL 1699001, at *1, 2014 U.S. Dist. LEXIS 59303, at *3 (E.D.N.Y. Apr. 24, 2014) ("Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." (internal quotation marks and brackets omitted)).

## VI.   LEAVE TO AMEND

"Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir 2000). A *pro se* plaintiff should have at least once chance to amend if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). However, a court may deny even a *pro se* plaintiff leave to amend when amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, Defendants argue that Plaintiff should not be given leave to amend. (Dkt. No. 8-2, at 14–15). A liberal reading of the Complaint does not give any indication that a valid claim might be stated. Furthermore, Plaintiff has "a history of filing frivolous lawsuits." *Maltese v. Brown*, Nos. 23-cv-4566, 23-cv-4940, 23-cv-6204, 2024 WL 3875940, at *5, 2024 U.S. Dist. LEXIS 147778, at *16 (E.D.N.Y. Aug. 19, 2024). In the circumstances of an "unintelligible [c]omplaint" and a "history of incoherent and frivolous filings," courts have found that granting leave to amend would be futile. *See Owens v. Shields*, 34 F. App'x 33, 35 (2d Cir. 2002). Here, in an abundance of caution, given Plaintiff's *pro se* status, if Plaintiff seeks leave to amend, Plaintiff may file a letter of no more than three pages, explaining what legal claims she seeks to bring and how, in light of this decision, any such claims are timely and not futile.

## VII.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Defendants' motion to dismiss, (Dkt. No. 8), is **GRANTED**; and it is further

**ORDERED** that any claims against Defendants Kathy Hochul and Fred Wu in their official capacities, other than claims under Title VII and the Equal Pay Act, are **DISMISSED**

**without prejudice and without leave to amend** as barred by sovereign immunity; and it is further **ORDERED** that any remaining claims against Defendants Carl Heastie, Kathy Hochul and Fred Wu are **DISMISSED**; and it is further

**ORDERED** that the claims against Defendants Richard Schaffer and Dan Frisa are **DISMISSED without prejudice** for failure to serve pursuant to Federal Rule of Civil Procedure 4(m); and it is further

**ORDERED** that if Plaintiff seeks to amend her complaint, Plaintiff must file a letter of no more than three pages by June 23, 2025, explaining what legal claims she seeks to bring and how, in light of this decision, any such claims are timely and not futile, and the moving Defendants may respond to this letter by June 30, 2025; and it is further

**ORDERED** that the Clerk shall close this case without further order if Plaintiff fails to file a letter in accord with this decision by June 23, 2025; and it is further

**ORDERED** that Plaintiff's letter motion, (Dkt. 45), which appears to seek rescheduling of the Rule 16 Conference[6] and denial of Defendant's motion to dismiss is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 10, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[6] The scheduling of the Rule 16 Initial Conference before Magistrate Judge Lovric has been stayed in light of the motion to dismiss. (Dkt. Nos. 9, 12, 19, 26). In her letter motion Plaintiff misconstrues the instructions for submitting files to this Court via MFT, which states that the date the document is submitted "will be preserved," to mean that the Rule 16 Conference date must remain on calendar and should be rescheduled. (Dkt. Nos. 45, 45-2).